*Formatted for Electronic Distribution*                                                           *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

**In re:**
  **ARTHUR J. ROBERT, JR.,**           Chapter 7 Case
      Debtor.            # 05-12461
_____

Filed & Entered
On Docket
August 24, 2007

**RAYMOND J. OBUCHOWSKI, in his capacity**
**as Chapter 7 Trustee for the estate of**
**ARTHUR J. ROBERT, JR.**
      Plaintiff,
  v.                  Adversary Proceeding
**MICHAEL P. ENTIS,**            # 06-1041
      Defendant.
_____

| *Appearances:* | Jennifer Emens-Butler, Esq. | Michael P. Entis |
| --- | --- | --- |
| | Obuchowski & Emens-Butler | Pro Se |
| | Bethel, Vt. | Stowe, Vt. |
| | *For the Plaintiff* | *For the Defendant* |

## ORDER
### DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND
### DEEMING PROOF OF CLAIM TO BE AMENDED

    On August 17, 2007, the Court entered a Memorandum of Decision and Order (docs. ## 35, 36) granting Plaintiff's cross-motion for summary judgment and denying Defendant's motion for summary judgment. On August 23, 2007, the Defendant filed a timely motion for reconsideration (doc. # 39). On August 24, 2007, the Defendant supplemented his motion with additional documents (doc. # 40).

    The Defendant begins his motion by describing the relief sought as a request "that the Court reconsider its decision of August 17, 2007 wherein the Court rejected Defendant's Motion for Summary Judgment and approved Plaintiff's Cross Motion for Summary Judgment." (Id. at p 1.). However, in the final paragraph of the motion for reconsideration, where the Defendant specifically captions and describes his request for relief, he puts it as follows:

> **Defendant's Request of the Court**
>
> Defendant now requests that the Court restore Defendant to the position he was in before he received the September 29, 2005 payment of $50,000. Specifically, Defendant requests that:
>
> (a) Defendant be recorded as a creditor of the Debtor in the amount of the Final Judgment of the Vermont Superior Court, $253,796.43 and
>
> (b) Defendant be restored the liens on Debtor's Hinesburg and Richmond properties.

(Id. at p. 2). Hence, it is not clear if the Defendant is seeking a declaration that, as a result of the summary judgment decision, he is restored to his *status quo ante* with respect to the amount of his claim against the Debtor and certain liens he claims to hold against the Debtor; or he is actually seeking a change in the outcome of the Court's ruling on the summary judgment motions. The Court will address both interpretations of the motion.

We begin by articulating the legal standard which must be met in order for a party to prevail on a motion for reconsideration. A court may reconsider one of its earlier decisions when a party can point to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. See Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citation and quotation omitted). A court should grant reconsideration when a party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "New evidence" consists of evidence that was unavailable and could not have been discovered or presented to the Court upon consideration of the original motion. See Official Committee of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167-68 (2d Cir. 2003). The standard for granting a motion for reconsideration is strict, see Shrader, 70 F.3d at 257, but ultimately the question is a discretionary one. See, e.g., Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

The Defendant has not identified any new evidence (as described in Coopers & Lybrand), nor described any change in controlling law. The Defendant's 2-page motion to reconsider merely sets forth additional arguments on the legal merits of his claim against the Debtor.

The Defendant's supplement to the reconsideration motion (doc. # 40) presents copies of (inadmissible) electronic communications between the Defendant and Trustee with regard to whether a limited liability corporation with which the Debtor was affiliated was also in bankruptcy. The gist of the Defendant's e-mail of August 24, 2007 (contained in the supplement) appears to be that he had "received notice of the inclusion of Artworks Building Solutions LLC in the bankruptcy as an AKA . . ." (doc. # 40). If the Defendant is asserting that he took certain actions in reliance upon the fact that Artworks was also a debtor in this case, his reliance was misplaced and erroneous. The petition indicates that the sole debtor in this case was Arthur J. Robert, Jr., and he filed as an individual (case # 05-12461, doc. # 1). The petition form provides a space to indicate "all other names used by the Debtor in the last six years," and here the Debtor included "dba Artworks" and "dba Artworks Const." The listing of those names did not serve to add them as debtors, but rather to give information to creditors which might help them locate debts incurred by Mr. Robert. Furthermore, and more to the point, the May 2006 exchange of e-mails between the Debtor and Trustee, with regard to their respective legal positions, does nothing to meet the burden of establishing a right to reconsideration.

In any event, neither the motion to reconsider nor the supplement present new evidence or show a change in controlling law. Therefore, the Court must deny the motion to reconsider to the extent it seeks to alter the outcome of the cross-motions for summary judgment, or vacatur of the order granting judgment in favor of the Plaintiff.

As to the request for a restoration of his claim *status quo ante*, the Court directs the Defendant's attention to the proof of claim process. The Defendant filed a timely proof of claim in the chapter 7 case on December 12, 2005 (claim # 16), in the amount of $203,571.43, with a notation that he had applied a credit in the amount of $50,000 due to "the partial payment received 9/29/05." There is no reason that the Defendant cannot amend that proof of claim to reflect the disgorgement of that payment, and a balance due as of the filing of the petition in the amount of $253,571.43.[1] This relief is available without any reconsideration or vacatur of the summary judgment decision. Moreover, even though the better practice would be for the Defendant to file an amended proof of claim, since the Trustee is on notice of the disgorgement of the $50,000 credit, the proof of claim is deemed amended by virtue of the previous order.

As to the lien issue, the Defendant has not explained how he had "liens on the Debtor's Hinesburg and Richmond properties" as of the date of the Debtor's bankruptcy filing, or how the entry of the order granting the Plaintiff's cross-motion for summary judgment disturbed any such lien. If the Defendant had a lien on property owned by Mr. Robert on the date Mr. Robert filed for bankruptcy relief, and if the bankruptcy proceeded without the bankruptcy court avoiding that lien, the lien would still be valid post-bankruptcy. However, the record in this adversary proceeding makes clear that the Defendant <u>had no lien</u> against the Debtor's property pre-petition. The only claim he had against the Debtor's property was a writ of attachment, and he released that before the Debtor filed his bankruptcy petition. In his motion to reconsider, the Defendant refers to a state court judgment entered on November 21, 2006, but that is well after the Debtor's bankruptcy case was filed and, hence, if the judgment was against the Debtor, it would be void by operation of law, <u>see</u> 11 U.S.C. §§ 362, 549. Under any of these scenarios, there is no valid lien to restore, and thus the Defendant's plea for a restoration of his lien must be denied. Moreover, if the lien that the Defendant is talking about arises from the November 2006 judgment that he describes in his motion to reconsider, that judgment appears to be against Artworks, rather than the Debtor, and therefore is outside the scope of the bankruptcy case of Mr. Robert and is irrelevant to the motion to reconsider.

For these reasons, THE COURT FINDS that the Defendant has failed to establish a legal basis for relief from, or vacatur of, the decision granting the Plaintiff's cross-motion for summary judgment and denying the Defendant's motion for summary judgment; and no basis to restore any lien.

---

[1] On page 1 of his motion for reconsideration, the Defendant notes that the judgment he obtained was for $253,571.43; on page 2 of the motion, however, he asks that the Court allow his claim against the Debtor in the amount of $253,796.43. He does not explain how he arrived at the second figure, which is more than the sum of the proof of claim figure plus $50,000.

3

Accordingly, IT IS HEREBY ORDERED that the Defendant's Motion for Reconsideration (doc. # 39) is denied in all respects.

IT IS FURTHER ORDERED that the Defendant's Proof of Claim against the Debtor (claim # 16 in case # 05-12461) is deemed amended to be in the amount of $253,571.43, upon the Trustee's actual receipt of $50,000 from the Defendant.

SO ORDERED.

August 24, 2007  
Rutland, Vermont

_____  
Colleen A. Brown  
United States Bankruptcy Judge